**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 8, 2013

LETTER TO COUNSEL

  RE: *John Smith v. Commissioner, Social Security Administration*;
     Civil No. SAG-11-1506

Dear Counsel:

  Pending, by the parties' consent, is the Commissioner's Motion for Summary Judgment concerning the decision denying John Smith's claim for Disability Insurance Benefits ("DIB"). ECF No. 21. I must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6 (D. Md. 2011). For the reasons that follow, I will deny the Commissioner's Motion and remand this case for further proceedings in accordance with this opinion.

  John Smith ("Mr. Smith") applied for DIB on June 5, 2008, alleging that he was disabled as of November 15, 2007. (Tr. 210-12). His claim was denied initially, and upon reconsideration. (Tr. 132-35, 137-38). At Mr. Smith's request, a hearing was held before an Administrative Law Judge ("ALJ") on April 7, 2010. (Tr. 46-54). After the hearing, the ALJ concluded in a decision dated September 24, 2010 that Mr. Smith's hypertension and osteoarthritis were severe impairments. (Tr. 22). However, the ALJ found that Mr. Smith retained the residual functional capacity ("RFC") to

> perform "light" work as defined in 20 CFR 416.967(b) except: occasional climbing ramps and stairs, balancing, stooping, kneeling, crouching or crawling; never climbing ladders, ropes or scaffolds; limited gross manipulation with his non-dominant, left hand.

(Tr. 24). The ALJ did not take testimony from a vocational expert ("VE"). Instead, the ALJ found that because Mr. Smith's "additional limitations have little or no effect on the occupational base of unskilled light work," a finding of "not disabled" was appropriate under Medical – Vocational Rule 202.21. (Tr. 26-27). The Appeals Council denied Mr. Smith's request for review, leaving the ALJ's decision as the final decision of the agency. (Tr. 1-6).

*John Smith v. Commissioner, Social Security Administration*
Civil No. SAG-11-1598
February 8, 2013
Page 2

Mr. Smith, who appears *pro se*, has not filed a motion for summary judgment. He has filed two separate sets of medical records. (ECF Nos. 17, 22). Those medical records post-date the ALJ's opinion, and do not reveal anything regarding Mr. Smith's condition prior to the date of the ALJ's opinion. Because they could not have affected the outcome of the ALJ's decision, those records are not relevant to my determination. *See Gibson v. Barnhart*, 50 Fed. Appx. 182, 183 (4th Cir. 2002). I therefore have not considered the medical information filed by Mr. Smith, but I have carefully reviewed the ALJ's opinion and the entire record. As explained below, I conclude that the ALJ's decision is not supported by substantial evidence at step five.

The ALJ proceeded in accordance with applicable law at steps one through four of the sequential evaluation. At step one, the ALJ determined that Mr. Smith had not engaged in substantial gainful employment since his application date. (Tr. 22). At step two, the ALJ found severe impairments of hypertension and osteoarthritis. *Id.* The ALJ also assessed Mr. Smith's depression and anxiety, and cited appropriate medical sources in determining that those impairments were not severe. (Tr. 22-23). At step three, the ALJ determined that none of the Listings were met or medically equaled. (Tr. 23-24).

At step four, the ALJ provided a detailed summary of Mr. Smith's testimony. (Tr. 24). The ALJ also analyzed the medical evidence provided by treating physician Dr. Susan Clanzy and consultative examiner Dr. Akinlawon Ayeni, in addition to records from Mr. Smith's overnight hospital stay in April, 2010. (Tr. 25-26). The ALJ noted that he accepted the opinions of the state medical consultants. (Tr. 25). With respect to Dr. Clanzy's opinion, the ALJ provided substantial evidence to support his decision to reject the opinion of the treating physician. As the ALJ noted, Dr. Clanzy found that Mr. Smith could not work due to his injury from a gunshot wound in 1995. (Tr. 25). The ALJ noted that Mr. Smith had in fact worked since that date, and that the consultative examination had revealed "no limits in range of motion." *Id.* In considering the entire record, substantial evidence supports the RFC determined by the ALJ.

The problem in this case presents in the final step. Despite his finding that Mr. Smith could not perform a full range of light work, the ALJ did not hear testimony from a VE to determine which light jobs could or could not be performed. Instead, the ALJ relied on the conclusory statement that "the additional limitations have little or no effect on the occupational base of unskilled light work." (Tr. 27). However, one of the limitations in the RFC is "limited gross manipulation with his non-dominant, left hand." (Tr. 24). Social Security Ruling 83-14 provides:

> Unlike unskilled sedentary work, many unskilled light jobs do not entail fine use of the fingers. Rather, they require gross use of the hands to grasp, hold, and turn objects. Any limitation of these functional abilities must be considered very carefully to determine its impact on the size of the remaining occupational base of a person who is otherwise found functionally capable of light work.

Although Mr. Smith's RFC does not limit him to unskilled work, the ALJ provided no examples

*John Smith v. Commissioner, Social Security Administration*
Civil No. SAG-11-1598
February 8, 2013
Page 3

of skilled light work that could be performed with Mr. Smith's grasping limitations.  Moreover, SSR 85-15 provides:

> Reaching (extending the hands and arms in any direction) and handling (seizing, holding, grasping, turning or otherwise working primarily with the whole hand or hands) are activities required in almost all jobs. Significant limitations of reaching or handling, therefore, may eliminate a large number of occupations a person could otherwise do. Varying degrees of limitations would have different effects, and the assistance of a [vocational specialist] may be needed to determine the effects of the limitations.

In the absence of any testimony from a VE to establish the existence of light jobs that do not require extensive gross manipulation with the non-dominant hand, the ALJ at least has to provide sufficient analysis to permit review of the reasons he believes the occupational base of light work is not significantly eroded by Mr. Smith's gross manipulation limitations.  He did not do so.  I therefore cannot determine whether the ALJ's step five findings are supported by substantial evidence.  In so finding, I do not express any opinion on whether the ALJ's ultimate conclusion that Mr. Smith was not disabled was correct or incorrect.

For the above reasons, the Commissioner's decision is VACATED and the case is REMANDED for further proceedings in accordance with the foregoing letter opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion.  A separate Order shall issue.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge